IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.:

ESTA KRAVETS, individually, and on behalf
of all others similarly situated,

        Plaintiff,

v.

ANTHROPOLOGIE, INC.,

        Defendant.

_____

## NOTICE OF REMOVAL

Defendant Anthropologie, Inc. ("Anthropologie")[1], by and through its undersigned counsel and pursuant to 28 U.S.C. §§ 1331, 1441, and 1446, hereby removes this action from the Circuit Court of the Seventeenth Judicial Circuit in and for Broward County, Florida to the United States District Court for the Southern District of Florida. In support thereof, Anthropologie states as follows:

## JURISDICTIONAL STATEMENT

1.    Plaintiff Esta Kravets ("Plaintiff") filed this action in the Circuit Court of the Seventeenth Judicial Circuit in and for Broward County, Florida on or about February 1, 2022. The complaint (the "Complaint") and any other process, pleadings, and orders that Plaintiff purportedly served on Anthropologie as of the date of the Notice of Removal are attached collectively as Exhibit A.

---

[1]    Anthropologie, Inc. was improperly named in the Complaint. URBN US Retail LLC as successor to Anthropologie, Inc. is the proper entity.

2. According to Plaintiff's Proof of Service, Anthropologie was purportedly served with the Complaint on February 4, 2022.

3. The Complaint asserts two counts under the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq.* (the "TCPA"). *See* Compl. ¶¶ 39–58.

4. Because Plaintiff's TCPA claims arise under federal law, this Court has original subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331. *See Mims v. Arrow Fin. Servs., LLC*, 132 S. Ct. 740, 744–45, 753 (2012) ("Beyond doubt, the TCPA is a federal law that both creates the claim Mims has brought and supplies the substantive rules that will govern the case. . . . Nothing in the text, structure, purpose, or legislative history of the TCPA calls for displacement of the federal-question jurisdiction U.S. district courts ordinarily have under 28 U.S.C. § 1331. In the absence of direction from Congress stronger than any Arrow has advanced, we apply the familiar default rule: Federal courts have § 1331 jurisdiction over claims that arise under federal law."); *Osorio v. State Farm Bank, F.S.B.*, 746 F.3d 1242, 1249 (11th Cir. 2014) (holding federal courts have original jurisdiction pursuant to 28 U.S.C. § 1331 over TCPA claims); *Speidel v. Am. Honda Fin. Corp.*, No. 14-0019, 2014 WL 820703, at *2 (M.D. Fla. Mar. 3, 2014) ("[T]he Court has federal question subject matter jurisdiction over Plaintiffs claims arising under the TCPA.").

5. Because this Court has original subject matter jurisdiction over this action, Anthropologie may remove this action pursuant to 28 U.S.C. §§ 1441(a) and 1446.

**PROCEDURAL STATEMENT**

6. Pursuant to 28 U.S.C. § 1446(a), copies of the Complaint and any other process, pleadings, and orders that Plaintiff purportedly served on Anthropologie as of the date of the Notice of Removal are attached as Exhibit A.

7. Pursuant to 28 U.S.C. § 1446(b) and Federal Rule of Civil Procedure 6, the original Notice of Removal was timely filed within 30 days of service because Plaintiff purported to serve the Complaint on Anthropologie on February 4, 2022.

8. Pursuant to 28 U.S.C. § 1441(b)(2), Anthropologie may remove this action without regard to its citizenship because this Court has federal question jurisdiction under Section 1331, meaning the Court's jurisdiction is not based "solely on . . . . jurisdiction under Section 1332(a)."

9. Pursuant to 28 U.S.C. § 1441(a), removal to the United States District Court for the Southern District of Florida is proper because it embraces the Seventeenth Judicial Circuit in and for Broward County, Florida, where this action was pending before it was removed. *See* 28 U.S.C. § 89(c).

10. Pursuant to 28 U.S.C. § 1446(d), Anthropologie will promptly file a copy of this Notice of Removal in the Circuit Court of the Seventeenth Judicial Circuit in and for Broward County, Florida, and will give Plaintiff written notice of its filing.

11. By removing the action to this Court, Anthropologie does not waive any defenses that are available to it under state or federal law. Anthropologie expressly reserves all threshold defenses to this action and its right, for example, to move to compel individual arbitration under the Federal Arbitration Act, 9 U.S.C. § 1 *et seq.*, to move to dismiss or for the entry of judgment pursuant to Fed. R. Civ. P. 12 and 56, and to strike the class allegations or oppose the certification of any putative class pursuant to Fed. R. Civ. P. 23.

WHEREFORE, pursuant to 28 U.S.C. §§ 1331, 1441, and 1446, Anthropologie respectfully removes this action from the Circuit Court of the Seventeenth Judicial Circuit in and

for Broward County, Florida, to the United States District Court for the Southern District of Florida.

Date: February 28, 2022                        **COZEN O'CONNOR**

                                          By: /s/ *Matthew B. Criscuolo*
                                               Matthew B. Criscuolo
                                               Florida Bar No. 58441
                                               Email: mcriscuolo@cozen.com
                                               One North Clematis Street, Suite 510
                                               West Palm Beach, Florida 33401
                                               Telephone: (561) 515-5250
                                               Facsimile: (561) 515-5230

                                               Michael W. McTigue Jr.
                                               (*Pro Hac Vice Admission* forthcoming)
                                               Meredith C. Slawe
                                               (*Pro Hac Vice Admission* forthcoming)
                                               Email: mmctigue@cozen.com
                                                           mslawe@cozen.com
                                               One Liberty Place
                                               1650 Market Street, Suite 2800
                                               Philadelphia, Pennsylvania 19103
                                               Telephone: (215) 665-2000
                                               Facsimile: (215) 665-2013

                                               *Counsel for Defendant*

## **CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that on this 28th day of February, 2022, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF.  I also certify that the foregoing document is being served this day on all counsel of record identified on the below Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to electronically receive Notices of Electronic Filing.

*/s/ Matthew B. Criscuolo*
Matthew B. Criscuolo

**SERVICE LIST**

*Attorneys for Plaintiff*

Andrew Shamis
Garrett Berg
SHAMIS & GENTILE, P.A.
14 NE 1st Avenue, Suite 705
Miami, Florida 33132
Telephone:  (305) 479-2299
Email: ashamis@shamisgentile.com
          gberg@shamisgentile.com

Scott Edelsberg
EDELSBERG LAW P.A.
20900 NE 30th Avenue, Suite 417
Aventura, Florida 33180
Telephone:  (305) 975-3320
Email: scott@edelsberglaw.com