# EXHIBIT A

## Esta Kravets Plaintiff vs. Anthropologie, Inc. Defendant

**Broward County Case Number:** CACE22001611
**State Reporting Number:** 062022CA001611AXXXCE
**Court Type:** Civil
**Case Type:** Other
**Incident Date:** N/A
**Filing Date:** 02/01/2022
**Court Location:** Central Courthouse
**Case Status:** Pending
**Magistrate Id / Name:** N/A
**Judge ID / Name:** 25 Phillips, Carol-Lisa

### − Party(ies)

Total: 2

| Party Type | Party Name | 🛈 Address | 🛈 Attorneys / Address ★ Denotes Lead Attorney |
|---|---|---|---|
| Plaintiff | **Kravets, Esta** | | ★ Shamis, Andrew J Retained Bar ID: 101754 14 NE 1st AVE STE 705 Miami, FL 33132 **Status: Active** |
| Defendant | **Anthropologie, Inc.** | | ★ Criscuolo, Matthew B Retained Bar ID: 58441 One North Clematis St. Ste 510 West Palm Beach, FL 33401 **Status: Active** |

### − Disposition(s)

Total: 0

| Date | Statistical Closure(s) | | |
|---|---|---|---|

| Date | Disposition(s) | View | Page(s) |
|---|---|---|---|

Case Detail - Public - Broward County Clerk of Courts

## Event(s) & Document(s)

Total: 8

| Date | Description | Additional Text | View | Pages |
|---|---|---|---|---|
| 02/14/2022 | **Summons Returned Served** | to be served; on the 4th day of February, 2022 Party: *Defendant* Anthropologie, Inc. | 📄 | 3 |
| 02/10/2022 | **Motion to Appear Pro Hac Vice** | Michael W. McTigue Jr. ("Movant / | 📄 | 4 |
| 02/10/2022 | **Motion to Appear Pro Hac Vice** | Meredith C. Slawe ("Movant | 📄 | 4 |
| 02/10/2022 | **Notice of Appearance** | AND NOTICE OF DESIGNATION OF EMAIL ADDRESSES Party: *Defendant* Anthropologie, Inc. | 📄 | 2 |
| 02/01/2022 | **Per AOSC20-23 Amd12, Case is determined General** | | | |
| 02/01/2022 | **Civil Cover Sheet** | Amount: $100,001.00 | 📄 | 3 |
| 02/01/2022 | **Complaint (eFiled)** | JURY TRIAL DEMANDED Party: *Plaintiff* Kravets, Esta | 📄 | 12 |
| 02/01/2022 | **eSummons Issuance** | Party: *Defendant* Anthropologie, Inc. | 📄 | 1 |

## Hearing(s)

Total: 0

**There is no Disposition information available for this case.**

## Related Case(s)

Total: 0

**There is no related case information available for this case.**

Case Number: CACE-22-001611 Division: 25

Filing # 143065338 E-Filed 02/01/2022 02:19:50 PM

IN THE CIRCUIT COURT OF THE SEVENTEENTH JUDICIAL CIRCUIT
IN AND FOR BROWARD COUNTY, FLORIDA

ESTA KRAVETS, individually and on
behalf of all others similarly situated,

   *Plaintiff*,

vs.

ANTHROPOLOGIE, INC.,

   *Defendant*.

_____/

**CLASS ACTION**

**Case No.**

**JURY TRIAL DEMANDED**

## CLASS ACTION COMPLAINT

1.    Plaintiff, Esta Kravets ("Plaintiff"), brings this action against Defendant, Anthropologie, Inc. ("Defendant"), to secure redress for violations of the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227.

## NATURE OF THE ACTION

2.    This is a putative class action pursuant to the Telephone Consumer Protection Act, 47 U.S.C. § 227 et seq., (the "TCPA").

3.    Defendant is a clothing retailer with approximately 200 stores across the U.S. and Canada. To promote its services, Defendant engages in aggressive telephonic sales calls to consumers with no regards for consumers' rights under the TCPA.

4.    Through this action, Plaintiff seeks injunctive relief to halt Defendant's illegal conduct, which has resulted in the invasion of privacy, harassment, aggravation, and disruption of the daily life of thousands of individuals. Plaintiff also seeks statutory damages on behalf of herself and members of the class, and any other available legal or equitable remedies.

## JURISDICTION AND VENUE

5.      This Court has subject matter jurisdiction pursuant to Florida Rule of Civil Procedure 1.220 and Fla. Stat. § 26.012(2). The matter in controversy exceeds the sum or value of $30,000 exclusive of interest, costs, and attorney's fees.

6.      Defendant is subject to personal jurisdiction in Florida because this suit arises out of and relates to Defendant's contacts with this state. Defendant made or caused to be made telephonic sales calls into Florida in violation of the TCPA.  Plaintiff received such calls while residing in and physically present in Broward County, Florida.

7.      Venue for this action is proper in this Court pursuant to Fla. Stat. § 47.051 because Defendant (1) is a foreign limited liability company doing business in this judicial circuit; and (2) has an agent or other representative in Florida.  All facts giving rise to this action occurred in this circuit.

## PARTIES

8.      Plaintiff is a natural person who, at all times relevant to this action, was a resident of Broward County, Florida.

9.      Defendant is a Pennsylvania corporation whose principal office is maintained in Philadelphia, PA. Defendant directs, markets, and provides its business activities throughout the State of Florida and the United States.

10.     Unless otherwise indicated, the use of Defendant's name in this Complaint includes all agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, vendors, and insurers of Defendant.

## FACTS

11.     Over the past year, Defendant began bombarding Plaintiff's cellular telephone number with promotional text messages to Plaintiff's telephone number ending in 5500 ("the 5500 number"). The messages did not include instruction on how to opt-out of future messages:



12.      On November 24, 2021, Plaintiff responded to Defendant with the words "No more messages" in an attempt to opt-out of any further text message communications with Defendant.

13.      Despite Plaintiff's use of clear opt-out language, Defendant ignored Plaintiff's opt-out demand and sent Plaintiff further telemarketing text messages up through December of 2021.

14.      Defendant's text messages were transmitted to Plaintiff's cellular telephone, and within the time frame relevant to this action.

15.      Defendant's text messages constitute telemarketing because they encouraged the future purchase or investment in property, goods, or services, i.e., selling Plaintiff clothing and apparel.

16.      The information contained in the text message advertises Defendant's various discounts and promotions, which Defendant sends to promote its business.

17.      Plaintiff received the subject texts within this judicial circuit and, therefore, Defendant's violation of the TCPA occurred within this district.  Upon information and belief, Defendant caused other text messages to be sent to individuals residing within this judicial circuit.

18.     Defendant's texts were not made for an emergency purpose or to collect on a debt pursuant to 47 U.S.C. § 227(b)(1)(B).

19.     Upon information and belief, Defendant does not have a written policy for maintaining an internal do not call list pursuant to 47 U.S.C. § 64.1200(d)(1).

20.     Upon information and belief, Defendant does not inform and train its personnel engaged in telemarking in the existence and the use of any internal do not call list pursuant to 47 U.S.C. § 64.1200(d)(2).

21.     At no point in time did Plaintiff provide Defendant with her express written consent to be contacted.

22.     To the extent that Defendant had express consent to contact Plaintiff for marketing purposes, that consent was expressly revoked when Plaintiff responded "No more messages" on November 34, 2021.

23.     Defendant's calls did not disclose the name of the individual caller pursuant to 47 C.F.R. § 64.1200(d)(4).

24.     Defendant's calls did not provide a telephone number or address at which they may be contacted pursuant to 47 C.F.R. § 64.1200(d)(4).

25.     Plaintiff is the subscriber and sole user of the 5500 Number and is financially responsible for phone service to the 5500 Number.

26.     The text messages originated from telephone number 57464, a number which upon information and belief is owned and operated by Defendant or on behalf of Defendant.

27.     Defendant's unsolicited text messages caused Plaintiff actual harm, including invasion of her privacy, aggravation, annoyance, intrusion on seclusion, trespass, and conversion. Defendant's text messages also inconvenienced Plaintiff and caused disruption to her daily life.

**CLASS ALLEGATIONS**

**PROPOSED CLASS**

28.     Plaintiff brings this case as a class action pursuant to Fed. R. Civ. P. 23, on behalf of herself and all others similarly situated.

29.     Plaintiff brings this case on behalf of a Class defined as follows:

> **Internal Do Not Call Class: All persons within the United States who, within the four years prior to the filing of this Complaint, were sent a text message from Defendant or anyone on Defendant's behalf, to said person's cellular telephone number *after* making a request to Defendant to not receive future text messages.**

> **Seller Identification Class: All persons within the United States who, within the four years prior to the filing of this Complaint, were sent a text message from Defendant or anyone on Defendant's behalf, that did not disclose: (1) the name of the individual caller; or (2) the name of the person or entity on whose behalf the call is being made; or (3) a telephone number or address at which the person or entity may be contacted**

30.     Defendant and its employees or agents are excluded from the Class. Plaintiff does not know the number of members in the Class, but believes the Class members number in the several thousands, if not more.

**NUMEROSITY**

31.     Upon information and belief, Defendant has placed violative calls to cellular telephone numbers belonging to thousands of consumers throughout the United States after they had requested to be opted-out and without properly disclosing the identification of the seller/sender. The members of the Class, therefore, are believed to be so numerous that joinder of all members is impracticable.

32.     The exact number and identities of the Class members are unknown at this time and can only be ascertained through discovery.  Identification of the Class members is a matter capable of ministerial determination from Defendant's call records.

**COMMON QUESTIONS OF LAW AND FACT**

33.     There are numerous questions of law and fact common to the Class which predominate over any questions affecting only individual members of the Class.  Among the questions of law and fact common to the Class are:

    a)   Whether Defendant violated 47 C.F.R. § 64.1200(d);

    b)   Whether Defendant's conduct was knowing and willful;

    c)   Whether Defendant adhered to requests by class members to stop sending text messages to their telephone numbers;

    d)   Whether Defendant keeps records of text recipients who revoked consent to receive texts.

    e)   Whether Defendant has any written policies for maintaining an internal do not call list.

    f)   Whether Defendant violated the privacy rights of Plaintiff and members of the class;

    g)   Whether Defendant is liable for damages, and the amount of such damages; and

    h)   Whether Defendant should be enjoined from such conduct in the future.

34.     The common questions in this case are capable of having common answers. If Plaintiff's claim that Defendant routinely transmits text messages to telephone numbers assigned to cellular telephone services is accurate, Plaintiff and the Class members will have identical claims capable of being efficiently adjudicated and administered in this case.

**TYPICALITY**

35.     Plaintiff's claims are typical of the claims of the Class members, as they are all based on the same factual and legal theories.

**PROTECTING THE INTERESTS OF THE CLASS MEMBERS**

36.     Plaintiff is a representative who will fully and adequately assert and protect the interests of the Class, and has retained competent counsel. Accordingly, Plaintiff is an adequate representative and will fairly and adequately protect the interests of the Class.

**PROCEEDING VIA CLASS ACTION IS SUPERIOR AND ADVISABLE**

37.     A class action is superior to all other available methods for the fair and efficient adjudication of this lawsuit, because individual litigation of the claims of all members of the Class is economically unfeasible and procedurally impracticable. While the aggregate damages sustained by the Class are in the millions of dollars, the individual damages incurred by each member of the Class resulting from Defendant's wrongful conduct are too small to warrant the expense of individual lawsuits. The likelihood of individual Class members prosecuting their own separate claims is remote, and, even if every member of the Class could afford individual litigation, the court system would be unduly burdened by individual litigation of such cases.

38.     The prosecution of separate actions by members of the Class would create a risk of establishing inconsistent rulings and/or incompatible standards of conduct for Defendant. For example, one court might enjoin Defendant from performing the challenged acts, whereas another may not. Additionally, individual actions may be dispositive of the interests of the Class, although certain class members are not parties to such actions.

### COUNT I
#### Violations of the TCPA, 47 U.S.C. § 227(c)(2)
#### (On Behalf of the Plaintiff and the Internal Do Not Call Class)

39.     Plaintiff re-alleges and incorporates the foregoing allegations set forth in paragraphs 1 through 38 as is fully set forth herein.

40.     The TCPA provides that any "person who has received more than one telephone call within any 12-month period by or on behalf of the same entity in violation of the regulations prescribed under this subsection may" bring a private action based on a violation of said regulations, which were promulgated to protect telephone subscribers' privacy rights to avoid receiving telephone solicitations to which they object. 47 U.S.C. § 227(c)(5).

41.     Under 47 C.F.R. § 64.1200(d), "[n]o person or entity shall initiate any call for telemarketing purposes to a residential telephone subscriber unless such person or entity has instituted

procedures for maintaining a list of persons who request not to receive telemarketing calls made by or

on behalf of that person or entity. The procedures instituted must meet certain minimum standards,

including:

> (3) Recording, disclosure of do-not-call requests. If a person or entity making a call for telemarketing purposes (or on whose behalf such a call is made) receives a request from a residential telephone subscriber not to receive calls from that person or entity, the person or entity must record the request and place the subscriber's name, if provided, and telephone number on the do-not-call list at the time the request is made. Persons or entities making calls for telemarketing purposes (or on whose behalf such calls are made) must honor a residential subscriber's do-not-call request within a reasonable time from the date such request is made. This period may not exceed thirty days from the date of such request . . . .

> (6) Maintenance of do-not-call lists. A person or entity making calls for telemarketing purposes must maintain a record of a consumer's request not to receive further telemarketing calls. A do-not-call request must be honored for 5 years from the time the request is made.

47 C.F.R. § 64.1200(d)(3), (6).

42.    Under 47 C.F.R § 64.1200(e) the rules set forth in 47 C.F.R. § 64.1200(d) are applicable

to any person or entity making telephone solicitations or telemarketing calls to wireless telephone

numbers:

> (e) The rules set forth in paragraph (c) and (d) of this section are applicable to any person or entity making telephone solicitations or telemarketing calls to wireless telephone numbers to the extent described in the Commission's Report and Order, CG Docket No. 02-278, FCC 03-153, "Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991.

47 C.F.R. § 64.1200(e).

43.    Plaintiff and the Internal Do Not Call Class members made requests to Defendant not

to receive calls from Defendant.

44.    Defendant failed to honor Plaintiff and the Internal Do Not Call Class members'

requests.

45.     Upon information and belief, Defendant has not instituted procedures for maintaining a list of persons who request not to receive telemarketing calls made by or on behalf of their behalf, pursuant to 47 C.F.R. § 64.1200(d).

46.     Because Plaintiff and the Internal Do Not Call Class members received more than one text message in a 12-month period made by or on behalf of Defendant in violation of 47 C.F.R. § 64.1200(d), as described above, Defendant violated 47 U.S.C. § 227(c)(5).

47.     As a result of Defendant's violations of 47 U.S.C. § 227(c)(5), Plaintiff and the Internal Do Not Call Class members are entitled to an award of $500.00 in statutory damages, for each and every negligent violation, pursuant to 47 U.S.C. § 227(c)(5).

48.     As a result of Defendant's violations of 47 U.S.C. § 227(c)(5), Plaintiff and the Internal Do Not Call Class members are entitled to an award of $1,500.00 in statutory damages, for each and every knowing and/or willful violation, pursuant to 47 U.S.C. § 227(c)(5).

49.     Plaintiff and the Internal Do Not Call Class members also suffered damages in the form of invasion of privacy.

50.     Plaintiff and the Internal Do Not Call Class members are also entitled to and seek injunctive relief prohibiting Defendant's illegal conduct in the future, pursuant to 47 U.S.C. § 227(c)(5).

**COUNT II**
**Violations of 47 U.S.C. § 227(B)**
**(On behalf of the Plaintiff and the Seller Identification Class)**

51.     Plaintiff re-alleges and incorporates paragraphs 1-38 as is fully set forth herein.

52.     Under 47 C.F.R. § 64.1200(d), "[n]o person or entity shall initiate any call for telemarketing purposes to a residential telephone subscriber unless such person or entity has instituted procedures for maintaining a list of persons who request not to receive telemarketing calls made by or on behalf of that person or entity. The procedures instituted must meet certain minimum standards, including:

(4) **Identification of sellers and telemarketers.** A person or entity making a call for telemarketing purposes must provide the called party with the name of the individual caller, the name of the person or entity on whose behalf the call is being made, and a telephone number or address at which the person or entity may be contacted.

47 C.F.R. § 64.1200(d)(4).

53.     Under 47 C.F.R § 64.1200(e) the rules set forth in 47 C.F.R. § 64.1200(d) are applicable

to any person or entity making telephone solicitations or telemarketing calls to wireless telephone

numbers:

(e) The rules set forth in paragraph (c) and (d) of this section are applicable to any person or entity making telephone solicitations or telemarketing calls to wireless telephone numbers to the extent described in the Commission's Report and Order, CG Docket No. 02-278, FCC 03-153, "Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991

47 C.F.R § 64.1200(e).

54.     Pursuant to 47 C.F.R. § 64.1200(d)(4), Defendant's contact of Plaintiff's cellular phone

without disclosing the name of the individual caller constitutes a violation of 47 U.S.C. § 227(c).

55.     Pursuant to 47 C.F.R. § 64.1200(d)(4), Defendant's contact of Plaintiff's cellular phone

without providing a telephone number or address at which they may be contacted constitutes a violation

of 47 U.S.C. § 227(c).

56.     As a result of Defendant's violations of 47 U.S.C. § 227(c) Plaintiff and the Seller

Identification Class members are entitled to an award of $500.00 in statutory damages, for each and

every negligent violation, pursuant to 47 U.S.C. § 227(c)(5)(B).

57.     As a result of Defendant's violations of 47 U.S.C. § 227(c), Plaintiff and the Seller

Identification Class members are entitled to an award of $1,500.00 in statutory damages, for each and

every knowing and/or willful violation, pursuant to 47 U.S.C. § 227(c)(5)(B).

58.     Plaintiff and the Seller Identification Class members are also entitled to and seek

injunctive relief prohibiting Defendant's illegal conduct in the future, pursuant to 47 U.S.C. § 227(c)(5).

**PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff, individually and on behalf of the Classes, prays for the following relief:

a) An order certifying this case as a class action on behalf of the Class as defined above, and appointing Plaintiff as the representative of the Class and Plaintiff's counsel as Class Counsel;

b) An award of actual and statutory damages for Plaintiff and each member of the Class;

c) An order declaring that Defendant's actions, set out above, violate the TCPA;

d) An injunction requiring Defendant to cease all unsolicited text messaging activity, and to otherwise protect the interests of the Class;

e) Such further and other relief as the Court deems necessary.

## JURY DEMAND

Plaintiff and Class Members hereby demand a trial by jury.

## DOCUMENT PRESERVATION DEMAND

Plaintiff demands that Defendant take affirmative steps to preserve all records, lists, electronic databases or other itemizations associated with the allegations herein, including all records, lists, electronic databases or other itemizations in the possession of any vendors, individuals, and/or companies contracted, hired, or directed by Defendant to assist in sending the alleged communications.

Dated: February 1, 2022

**SHAMIS & GENTILE, P.A.**
*/s/ Andrew Shamis*
Andrew J. Shamis, Esq.
Florida Bar No. 101754
ashamis@shamisgentile.com
*/s/ Garrett Berg*
Garrett O. Berg, Esq.
Florida Bar No. 1000427
gberg@shamisgentile.com
14 NE 1st Ave., Suite 705
Miami, Florida 33132
Telephone: 305-479-2299

**EDELSBERG LAW P.A.**
/s/ Scott Edelsberg
Scott Edelsberg, Esq.
Florida Bar No. 0100537
20900 NE 30th Ave., Suite 417
Aventura, Florida 33180
Telephone: 305-975-3320
Email: scott@edelsberglaw.com

*Counsel for Plaintiff and the Class.*

Filing # 143845029 E-Filed 02/14/2022 11:18:57 AM

<u>**RETURN OF SERVICE**</u>

| State of Florida | County of Broward | Circuit Court |
|---|---|---|

Case Number: CACE-22-001611 DIV: 25

Plaintiff:
**ESTA KRAVETS, INDIVIDUALLY AND ON BEHALF OF ALL OTHERS SIMILARLY
SITUATED**

vs.

Defendant:
**ANTHROPOLOGIE, INC.,**

For:
SHAMIS AND GENTILE, P.A.
14 NE 1ST AVE.
SUITE 705
MIAMI, FL 33132

Received by GLOBAL PROCESS SERVICES CORP. on the 4th day of February, 2022 at 10:20 am to be served on
**ANTHROPOLOGIE, INC,. ATTN: CORPORATION SERVICE COMPANY - REGISTERED AGENT, 1201 HAYS STREET,
TALLAHASSEE, FL 32301.**

I, Christopher S. Kady, do hereby affirm that on the **4th day of February, 2022** at **12:10 pm, I:**

served a **CORPORATE, PARTNERSHIP, ASSOCIATION OR GOVERNMENT SERVICE** by delivering a true copy of the
**SUMMONS and CLASS ACTION COMPLAINT** with the date and hour of service endorsed thereon by me, to: **Sheena Black** as
**Service Liaison** authorized to accept service, of the within named corporation, at the address of: **1201 HAYS STREET,
TALLAHASSEE, FL 32301** on behalf of **ANTHROPOLOGIE, INC,.**, and informed said person of the contents therein, in
compliance with state statutes.

**Description** of Person Served: Age: 35, Sex: F, Race/Skin Color: White, Height: 5'6", Weight: 155, Hair: Dark Brown, Glasses: N

I certify that I am over the age of 18, have no interest in the above action, and am a Certified Process Server, in good standing, in
the judicial circuit in which the process was served. "Under penalties of perjury, I declare that I have read the foregoing document
and that the facts in it are true" F.S. 92.525.   NOTARY NOT REQUIRED PURSUANT TO FS 92.525

**Christopher S. Kady**
Process Server #237

**GLOBAL PROCESS SERVICES CORP.
P.O. Box 961556
Miami, FL 33296
(786) 287-0606**

Our Job Serial Number: KDY-2022004035
Ref: 22-0329

Copyright © 1992-2022 Database Services, Inc. - Process Server's Toolbox V8.1z

Case Number: CACE-22-001611 Division: 25
Filing # 143065338 E-Filed 02/01/2022 02:19:50 PM

**IN THE CIRCUIT COURT OF THE SEVENTEENTH JUDICIAL CIRCUIT
IN AND FOR BROWARD COUNTY, FLORIDA**

**CASE NO.**

ESTA KRAVETS, individually and on behalf of all          CLASS ACTION
others similarly situated,

*Plaintiff,*                                              JURY TRIAL DEMANDED

vs.

ANTHROPOLOGIE, INC.,

*Defendant.*
_____/

**SUMMONS**

THE STATE OF FLORIDA:
To Each Sheriff/Certified Process Server of the State

TO:     Anthropologie, Inc.
        Attn: Corporation Service Company- Registered Agent
        1201 Hays Street
        Tallahassee, FL 32301

        Each Defendant is required to serve written defenses to the Complaint or petition on**:
Andrew Shamis, Esq, Shamis & Gentile, P.A., 14 NE 1st Ave STE 705, Miami, Florida 33132**,
within **twenty (20) days** after service of this summons on that Defendant, exclusive of the date of
service, and to file the original of the defenses with the Clerk of this Court either before service on
Plaintiff's attorney or immediately thereafter. If a Defendant fails to do so, a default will be entered
against that Defendant for the relief demanded in the complaint or petition.

Dated this _____ day of _____FEB 03 2022_____, 2022.

                                        As Clerk of the Court

                                        By: _____
                                        As Deputy Clerk BRENDA D. FORMAN

Case Number: CACE-22-001611 Division: 25
Filing # 143065338 E-Filed 02/01/2022 02:19:50 PM

**IN THE CIRCUIT COURT OF THE SEVENTEENTH JUDICIAL CIRCUIT
IN AND FOR BROWARD COUNTY, FLORIDA**

**CASE NO.**

ESTA KRAVETS, individually and on behalf of all                    CLASS ACTION
others similarly situated,

 *Plaintiff,*                                                  JURY TRIAL DEMANDED

vs.

ANTHROPOLOGIE, INC.,

 *Defendant.*

_____/

**SUMMONS**

THE STATE OF FLORIDA:
To Each Sheriff/Certified Process Server of the State

TO: Anthropologie, Inc.
  Attn: Corporation Service Company- Registered Agent
  1201 Hays Street
  Tallahassee, FL 32301

  Each Defendant is required to serve written defenses to the Complaint or petition on**:
Andrew Shamis, Esq, Shamis & Gentile, P.A., 14 NE 1st Ave STE 705, Miami, Florida 33132**,
within **twenty (20) days** after service of this summons on that Defendant, exclusive of the date of
service, and to file the original of the defenses with the Clerk of this Court either before service on
Plaintiff's attorney or immediately thereafter. If a Defendant fails to do so, a default will be entered
against that Defendant for the relief demanded in the complaint or petition.

Dated this _____ day of _____, 2022.
       FEB 03 2022

          As Clerk of the Court

          By: _____
          As Deputy Clerk BRENDA D. FORMAN